IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO. 8:09-CV-00210

DANIELLE CASEY,

     Plaintiff,

v.

IC SYSTEM, INC.,

     Defendant.

_____/

## JOINT PROPOSED JURY INSTRUCTIONS AND VERDICT FORMS

PLAINTIFF'S PROPOSED JURY INSTRUCTION
NUMBER [1]
(Preliminary Instruction)

Ladies and Gentlemen:

You have now been sworn as the Jury to try this case.  By your verdict you will decide the disputed issues of fact.  I will decide all questions of law and procedure that arise during the trial, and, before you retire to the jury room at the end of the trial to deliberate upon your verdict and decide the case, I will explain to you the rules of law that you must follow and apply in making your decision.  The evidence presented to you during the trial will primarily consist of the testimony of the witnesses, and tangible items including papers or documents called "exhibits."

**Transcripts Not Available**.  You should pay close attention to the testimony because it will be necessary for you to rely upon your memories concerning what the testimony was.  Although, as you can see, the Court Reporter is making a stenographic record of everything that is said, typewritten transcripts will not be prepared in sufficient time or appropriate form for your use during your deliberations and you should not expect to receive them.

**Exhibits Will Be Available**.  On the other hand, any exhibits admitted in evidence during the trial will be available to you for detailed study, if you wish, during your deliberations.  So, if an exhibit is received in evidence but is not fully read or shown to you at the time, don't be concerned because you will get to see and study it later during your deliberations.

**Notetaking.**  If you would like to take notes during the trial you may do so.  On the other hand, of course, you are not required to take notes if you do not want to.  That will be left up to you, individually.  If you do decide to take notes, do not try to write everything down because you will get so involved in notetaking that you might become distracted from the ongoing proceedings.  Just make notes of names, or dates and places - - things that might be difficult to remember.  Also, your notes should be used only as aids to your memory, and, if your memory should later differ from your notes, you should rely upon your memory and not your notes.  If you do not take notes, you should rely upon your own independent recollection or memory of what the testimony was and you should not be unduly influenced by the notes of other Jurors.  Notes are not entitled to any greater weight than the recollection or impression of each Juror concerning what the testimony was.

During the trial you should keep an open mind and should avoid reaching any hasty impressions or conclusions.  Reserve your judgment until you have heard all of the testimony and evidence, the closing arguments or summations of the lawyers, and my instructions or explanations to you concerning the applicable law.

Because of your obligation to keep an open mind during the trial, coupled with your obligation to then decide the case only on the basis of the testimony and evidence presented, you must not discuss the case during the trial in any manner among yourselves or with anyone else, nor should you permit anyone to discuss it in your presence; and you should avoid reading any

newspaper articles that might be published about the case.  You should also avoid seeing or hearing any television or radio comments about the trial.

From time to time during the trial I may be called upon to make rulings of law on objections or motions made by the lawyers.  You should not infer or conclude from any ruling or other comment I may make that I have any opinions on the merits of the case favoring one side or the other.  And if I should sustain an objection to a question that goes unanswered by a witness, you should not guess or speculate what the answer might have been nor should you draw any inferences or conclusions from the question itself.

During the trial it may be necessary for me to confer with the lawyers from time to time out of your hearing with regard to questions of law or procedure that require consideration by the court or judge alone.  On some occasions you may be excused from the courtroom for the same reason. I will try to limit these interruptions as much as possible, but you should remember the importance of the matter you are here to determine and should be patient even though the case may seem to go slowly.

The order of the trial's proceedings will be as follows: In just a moment the lawyers for each of the parties will be permitted to address you in turn and make what we call their "opening statements."  The Plaintiff will then go forward with the calling of witnesses and presentation of evidence during what we call the Plaintiff's "case in chief."   When the Plaintiff finishes (by announcing "rest"), the Defendant will proceed with witnesses and evidence, after which, within certain limitations, the Plaintiff may be permitted to again call witnesses or present evidence during what we call the "rebuttal" phase of the trial.  The Plaintiff proceeds first, and may rebut at the end, because the law places the burden of proof or burden of persuasion upon the Plaintiff (as I will further explain to you as a part of my final instructions).

When the evidence portion of the trial is completed, the lawyers will then be given another opportunity to address you and make their summations or final arguments in the case, after which I will instruct you on the applicable law and you will then retire to deliberate upon your verdict.

Now, we will begin by affording the lawyers for each side an opportunity to make their opening statements in which they may explain the issues in the case and summarize the facts they expect the evidence will show.

I caution you that the statements that the lawyers make now (as well as the arguments they present at the end of the trial) are not to be considered by you either as evidence in the case or as your instruction on the law. Nevertheless, these statements and arguments are intended to help you understand the issues and the evidence as it comes in, as well as the positions taken by both sides.  So I ask that you now give the lawyers your close attention as I recognize them for purposes of opening statements.

*Eleventh Circuit Pattern Jury Instructions – Civil (2005), §Preliminary Instructions Before Trial*

PLAINTIFF'S PROPOSED JURY INSTRUCTION
NUMBER [2]
(Consideration Of The Evidence Duty To Follow Instructions)

In deciding the case you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for any of the acts and statements of its employees that are made within the scope of their duties as employees of the company.

In your deliberations you should consider only the evidence - - that is, the testimony of the witnesses and the exhibits I have admitted in the record - - but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Remember that anything the lawyers say is not evidence in the case. And, except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your decision concerning the facts. It is your own recollection and interpretation of the evidence that controls.

*Eleventh Circuit Pattern Jury Instructions – Civil (2005), §2.2*

PLAINTIFF'S PROPOSED JURY INSTRUCTION
NUMBER [3]
(Credibility Of Witnesses)

Now, in saying that you must consider all of the evidence, I do not mean that you must accept all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness' testimony differ from other testimony or other evidence?

*Eleventh Circuit Pattern Jury Instructions – Civil (2005), §3*

PLAINTIFF'S PROPOSED JURY INSTRUCTION
NUMBER [4]
(Impeachment Of Witnesses, Inconsistent Statement)

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

*Eleventh Circuit Pattern Jury Instructions – Civil (2005), §4.1*

PLAINTIFF'S PROPOSED JURY INSTRUCTION
NUMBER [5]
(Expert Witnesses)

When knowledge of a technical subject matter might be helpful to the jury, a person having special training or experience in that technical field is permitted to state an opinion concerning those technical matters.  Merely because such a witness has expressed an opinion, however, does not mean that you must accept that opinion.  The same as with any other witness, it is up to you to decide whether to rely upon it.

When a witness has been or will be paid for reviewing and testifying concerning the evidence, you may consider the possibility of bias and should view with caution the testimony of such a witness where court testimony is given with regularity and represents a significant portion of the witness' income.

*Eleventh Circuit Pattern Jury Instructions – Civil (2005), §5.2*

PLAINTIFF'S PROPOSED JURY INSTRUCTION
NUMBER [6]
(Burden of Proof)

In this case each party asserting a claim or defense has the responsibility to prove every essential part of the claim or defense by a "preponderance of the evidence."  This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that a claim or contention is more likely true than not true.

When more than one claim is involved, and when more than one defense is asserted, you should consider each claim and each defense separately; but in deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence you should find against the party making that claim or contention.

*Eleventh Circuit Pattern Jury Instructions – Civil (2005), §6.2*

PLAINTIFF'S PROPOSED JURY INSTRUCTION
NUMBER [7]
(Nature of the Action and Legal Definitions)

Plaintiff brings this action against Defendant, [in part], based on 15 U.S.C. § 1692, et seq., commonly known as the Fair Debt Collection Practices Act, which for convenience, I may refer to as the "FDCPA."

The FDCPA originally enacted by Congress became effective on March 20, 1978, it was amended and broadened in 1986, and amended again in 1996.  In passing the FDCPA, Congress stated its purpose was "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection practices."  To this end, the FDCPA expressly prohibits debt collectors from engaging in numerous specific acts or practices and also mandatorily requires debt collectors in attempting to collect consumer debts for others to affirmatively perform specific acts.

The FDCPA defines a "debt collector" to include any person who uses any instrumentality of interstate commerce, the mails in any business, the principle purpose of which business is the collection of any debt, directly or indirectly, owed, due, or asserted to be owed or due to another.  The FDCPA also defines a "debt collector" to include any person who regularly collects a debt owed to another.  Defendant is a "debt collector" within the meaning of the FDCPA.

The FDCPA defines "debt" to mean any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, whether or not such obligations have been reduced to judgment.  The debt at issue is a "debt" within the meaning of the FDCPA.

The FDCPA defines "consumer" as any person obligated or allegedly obligated to pay any debt.  Plaintiff is a "consumer" within the meaning of the FDCPA.  (*Defendant objects to the inclusion of the last sentence in this paragraph*).

*15 U.S.C. § 1692a.*

PLAINTIFF'S PROPOSED JURY INSTRUCTION
NUMBER [8]
(Private Enforcement)

The FDCPA establishes a system of enforcement primarily by private attorneys general. This means that the government need not bring every prosecution to seek compliance with the FDCPA.  Rather, a private attorney, like Plaintiff's attorney here, may properly seek to enforce Defendant's compliance with the FDCPA and impose a statutory penalty against a debt collector such as Defendant.  In the same action, like this lawsuit, a private attorney may seek damages for his or her client.  In this action, Plaintiff, in fact, seeks both statutory penalties and damages.

*15 U.S.C. §1692k; Russey v. Rankin,* 837 F. Supp. 1103, 1105 (D.N.M. 1993); *Whatley v. Universal Collection Bureau, Inc.,* 525 F. Supp. 1204, 1206 (N.D. Ga. 1981).

**Defendant objects to the inclusion of this instruction.**

PLAINTIFF'S PROPOSED JURY INSTRUCTION
NUMBER [9]
(Strict Liability)

The FDCPA is a strict liability statute.  "Strict liability" is a legal term.  In this context, it means that Plaintiffs need *not* prove that Defendant acted with malice, intent or with the purpose of harming Plaintiff.   Strict liability means that Plaintiff need *not* even prove that Defendant violated the law through it negligence or carelessness.   Plaintiffs need only show that Defendant's conduct resulted in what the law does not permit.   Even if you find that Defendant was reasonably prudent in its conduct, it is liable to Plaintiff if it violated any one provision of the FDCPA, even if it is a purely technical violation.

Because the FDCPA is a strict liability statute, proof of a single violation is sufficient to support a finding in favor of Plaintiff, and against Defendant, rendering Defendant liable to Plaintiff for damages.

*Bentley v. Great Lakes Collection Bureau, Inc*., 6 F. 3d 60, 63 (2d. Cir. 1993); *Baker v. G.C. Services Corp*., 677 F. 2d 775, 780 (9th Cir. 1982); *Woolfolk v. Van Ru Credit Corp*., 783 F. Supp. 724, 725 (D. Conn.1990); *Cacace v. Lucas*, 775 F. Supp. 502, 505 (D. Conn. 1990); *Drossin v. National Action Financial Services, Inc*. 255 F.R.D. 608, 617 (S.D. Fla. 2009).

***Defendant objects to the inclusion of this instruction.***

PLAINTIFF'S PROPOSED JURY INSTRUCTION
NUMBER [10]
(Plaintiff's Contentions)

Plaintiff contends that the Defendant violated the FDCPA in the following ways:

Defendant engaged in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff, in violation of 15 U.S.C. § 1692d; and

Defendant threatened to report a debt as delinquent to Plaintiff's credit report which Plaintiff does not owe in violation of 15 U.S.C. § 1692e(5); and

Defendant failed to disclose Defendant's true corporate or business name in a telephone call in violation of 15 U.S.C. § 1692d(6); and

Defendant failed to disclose the caller's individual identity in a telephone call in violation of 15 U.S.C. § 1692d(6); and

Defendant overshadowed the disclosures required by 15 USC § 1692g(a) during the thirty-day dispute period, including presenting a false sense of urgency to Plaintiff during the thirty day dispute period, thereby overshadowing the notice that Plaintiff had 30 days in which to dispute the debt in violation of 15 U.S.C. § 1692g.

PLAINTIFF'S PROPOSED JURY INSTRUCTION
NUMBER [11]
(Harassment or Abuse)

Section 1692d of the FDCPA states:

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse a person in connection with the collection of a debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(2) The use of obscene or profane language or language the natural consequence of which is to abuse the hearer or reader.

*Section (2) is meant to deter offensive language which is at least akin to profanity or obscenity.*

**(Plaintiff objects to the inclusion of this language as it is argumentative and does not track the language of the statute).**

(6) Except as provided in section 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity.

Enumerated conduct prohibited by section 1692d is not an exhaustive listing of conduct which violates section 1692d of the FDCPA.  In other words, even if Defendant's conduct does not fall within one of the enumerated types of behavior specifically prohibited by section §1692d, you may still find that Defendant's conduct violates section 1692d of the FDCPA.  Simply, the FDCPA includes a "catch-all" provision which prohibits conduct the natural consequence of which is to harass, oppress, or abuse a person in connection with the collection of a debt.

**(Defendant objects to the inclusion of the last paragraph).**

*15 U.S.C. § 1692d;* S. Rep. No. 95-382, 95th Cong., 1st Sess. 4, *reprinted in* 1977 U.S.Code Cong. & Admin.News 1695, 1698; *Kizer v. American Credit & Collection*, 1990 WL 317475 (D. Conn. 1990); *Beattie v. D.M. Collections, Inc.*, 754 F. Supp. 383 (D. Del. 1991).

*Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1178 (11th Cir. 1985).

PLAINTIFF'S PROPOSED JURY INSTRUCTION
NUMBER [12]
(False or Misleading Representations)

Section 1692e of the FDCPA states:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section:

2) The threat to take any action that cannot legally be taken or that is not intended to be taken.

*15 U.S.C. § 1692e.*

PLAINTIFF'S PROPOSED JURY INSTRUCTION
NUMBER [13]
(Validation of Debts)

Section 1692g of the FDCPA states:

> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) of this section unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

*15 U.S.C. § 1692g(b).*

PLAINTIFF'S PROPOSED JURY INSTRUCTION
NUMBER [14]
(Violations of the FDCPA Are Measured by the "Least Sophisticated Debtor" Standard)

In determining whether the Defendant violated any section of the FDCPA you are to apply the "least sophisticated debtor" standard.  The FDCPA was not enacted for the protection of experts, but for the public--that vast multitude which includes the ignorant, the unthinking and the credulous, and the fact that a false or misleading statement may be obviously false or misleading to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced.  Thus, in reaching your determination of whether Defendant's communications are false or deceptive you must view them through the eyes of the "least sophisticated debtor."

*Brown v. Card Serv. Ctr.*, 464 F.3d 450 (3d Cir. 2006); *Schweizer v. Trans Union Corp.*, 136 F.3d 233 (2d Cir. 1998); *Swanson v. Southern Oregon Credit Service*, 869 F.2d 1222, 1225-1227 (9th Cir. 1988); *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1172-1175 (11th Cir. 1985); *Graziano v. Harrison*, 950 F.2d 107, 111 (3d Cir. 1991).

**Defendant objects to the inclusion of this instruction.**

PLAINTIFF'S PROPOSED JURY INSTRUCTION
NUMBER [15]
(Actual Damages)

The FDCPA and FCCPA specifically permit damages to be awarded against a debt collector who violates the FDCPA and FCCPA.

First, actual damages may be awarded to the Plaintiff as a result of the failure of Defendant to comply with these statutes.  Actual damages not only include any out-of-pocket expenses but also damages for personal humiliation, embarrassment, mental anguish, and emotional distress.  *The FDCPA does not provide a numerical limit on the amount appropriate for actual damages.*

**(Defendant objects to the last sentence in the preceding paragraph).**

There is no fixed standard or measure in the case of intangible items such as humiliation, embarrassment, mental anguish and emotional distress.  You must determine a fair and adequate award of these items through the exercise of your judgment and experience in the affairs of the world after considering all the facts and circumstances presented during the trial of this case.

*15 U.S.C. § 1692k; McLean v. GMAC Mortg. Corp.*, 595 F. Supp. 2d 1360 (S.D. Fla. 2009); *Borders v. Gulf Coast Collection Bureau*, --- F. Supp. ___, 2009 WL 1885103 (M.D.Fla 2009); *Smith v. Law Office of Mitchell N. Kay*, 124 B.R. 182, 185 (D. Del. 1990); *In re Maxwell*, 281 B.R. 101 (Bankr. D. Ma. 2002); *In re Littles*, 75 B.R. 241, 242 (Bankr. E.D. Pa. 1987).

PLAINTIFF'S PROPOSED JURY INSTRUCTION
NUMBER [16]
(Statutory Damages)

In addition to actual damages, ***and regardless of whether actual damages are awarded***, you may award statutory damages in an amount of up to $1,000.00 under both the FDCPA and FCCPA ***for each person affected by the violation of the FDCPA.*** The FDCPA and FCCPA provide that you shall consider among other relevant factors, the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which noncompliance was intentional.

***(Defendant objects to the highlighted language in the preceding paragraph).***

15 U.S.C. § 1692k(b)(1); *Harper v. Better Business Services, Inc.,* 961 F. 2d 1561 (11th Cir. 1992); *Kobs v. Arrow Service Bureau, Inc.,* 134 F.3d 893 (7th Cir. 1998); *Robertson v. Horton Bros. Recovery, Inc.,* 2007 WL 2009703 (D. Del. 2007); *Boyce v. Attorney's Dispatch Serv.,* 1999 U.S. Dist. LEXIS 1124 (S.D. Ohio Feb. 2, 1999); *Carn v. Med. Data Sys.,* 2007 Bankr. LEXIS 1334 (Bankr. M.D. Ala. Apr. 5, 2007); *In re Cambron,* 2007 WL 1076685 (Bankr. M.D. Ala. Apr. 5, 2007); *In re Littles,* 75 B.R. 241, 242 (Bankr. E.D. Pa. 1987).

PLAINTIFF'S PROPOSED JURY INSTRUCTION
NUMBER [17]
(Nature of the Action and Legal Definitions)

*Because Plaintiff is a resident of state of Florida, she is entitled to certain protections under state law as well as under federal law.  Accordingly*, Plaintiff *brings this* action against Defendant, [*in part],* based on Fla. Stat. Ch. 559., commonly known as the Florida Consumer Collection Practices Act, which for convenience I may refer to as the FCCPA.

*The activities of consumer collection agencies doing business within Florida are regulated by the FCCPA.  The FCCPA was enacted to curb a series of abuses in the area of debtor-creditor relations.  The Florida legislature, in enacting the FCCPA, further defined and protected an individual's right of privacy in the state of Florida.*

*The FCCPA is a comprehensive statute which prohibits a catalog of activities in connection with the collection of debts by any person.  The FCCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights.  The operative provisions of the FCCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, and prohibit harassing and abusive tactics*.

*The* FCCPA defines a "debtor" or "consumer" as any natural person obligated or allegedly obligated to pay any debt.  *Plaintiff is a "debtor" or "consumer" within the meaning of the FCCPA.*

The FCCPA defines "debt" or "consumer debt," as any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.  The debt at issue is a "debt" or "consumer debt" within the meaning of the FCCPA.

The FCCPA defines "debt collector" as any person who uses any instrumentality of commerce within this state, whether initiated from within or outside this state, in any business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.  The term "debt collector" includes any creditor who, in the process of collecting her or his own debts, uses any name other than her or his own which would indicate that a third person is collecting or attempting to collect such debts.  Defendant is a debt collector within the meaning of the FCCPA.

*(Defendant objects to the highlighted language in the preceding paragraphs).*

Fla. Stat. §559.72-§559.785; *Laughlin v. Household Bank, Ltd.*, 969 So. 2d 509 (Fla. 1st DCA 2007); *Collection Bureau of Orlando v. Continental Casualty Co.,* 342 So. 2d 1019 (Fla. 4th DCA 1977).

PLAINTIFF'S PROPOSED JURY INSTRUCTION
NUMBER [18]
(Plaintiff's Contentions)

Plaintiff contends that the Defendant violated the FCCPA in the following ways:

Failing to provide meaningful identification in calls to Plaintiff in violation of Fla. Stat. §559.72(15); and

Using profane, obscene, vulgar or willfully abusive language in attempting to collect a debt in violation of Fla. Stat. §559.72(8).

PLAINTIFF'S PROPOSED JURY INSTRUCTION
NUMBER [19]
(Refusal to indentify oneself)

Section 559.72(15) of the FCCPA states:

In collecting consumer debts, no person shall:

(15)    Refuse to provide adequate identification of herself or himself or her or his employer or other entity whom she or he represents when requested to do so by a debtor from whom she or he is collecting or attempting to collect a consumer debt;

Fla. Stat. §559.72.

PLAINTIFF'S PROPOSED JURY INSTRUCTION
NUMBER [20]
(Use of abusive language)

Section 559.72(8) of the FCCPA states:

In collecting consumer debts, no person shall:

(8)　　Use profane, obscene, vulgar, or willfully abusive language in communicating with the debtor or any member of her or his family;

*Section (2) is meant to deter offensive language which is at least akin to profanity or obscenity.*

**(Plaintiff objects to the inclusion of this language as it is argumentative and does not track the language of the statute).**

*Where information as to existence of debt and reasons for nonpayment have been communicated to a debtor and reasonable efforts at persuasion and negotiation have failed, communication beyond that point can reasonably be expected to "harass" the debtor or his family since it tends only to exhaust a resisting debtor's will.*

*Fla. Stat. §559.72; Story v. J.M. Fields, Inc., 343 So. 2d 675 (Fla. 1st DCA 1977).*

**(Defendant objects to the inclusion of the last paragraph).**

*15 U.S.C. § 1692d;* S. Rep. No. 95-382, 95th Cong., 1st Sess. 4, *reprinted in* 1977 U.S.Code Cong. & Admin.News 1695, 1698; *Kizer v. American Credit & Collection*, 1990 WL 317475 (D. Conn. 1990); *Beattie v. D.M. Collections, Inc*., 754 F. Supp. 383 (D. Del. 1991).

*Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1178 (11th Cir. 1985).

PLAINTIFF'S PROPOSED JURY INSTRUCTION
NUMBER [21]
(Actual Damages)


A person may maintain an action for actual damages sustained as a result of a violation of the FCCPA.  Actual damages include pecuniary loss, direct or indirect, or special damages; damages for mental suffering; and damages for injury to reputation.  Actual damages are not limited to out-of-pocket loss.


There is no fixed standard or measure in the case of intangible items such as humiliation, embarrassment, mental anguish and emotional distress.  You must determine a fair and adequate award of these items through the exercise of your judgment and experience in the affairs of the world after considering all the facts and circumstances presented during the trial of this case.

Fla. Stat. §559.77; *Anheuser Busch, Inc. v. Philpot*, 317 F. 3d 1264 (11th Cir. 2003); *Edelstein v. WFTV, Inc*., 798 So. 2d 797 (Fla. 4th DCA 2001); *Rety v. Green*, 546 So. 2d 410 (Fla. 3d DCA. 1989).


**Defendant objects to the inclusion of this instruction.**

PLAINTIFF'S PROPOSED JURY INSTRUCTION
NUMBER [22]
(Statutory Damages)

In addition to actual damages, and regardless of whether actual damages are awarded, the jury may award statutory damages in an amount not to exceed $1,000.00 for each person affected by the violation of the FDCPA.  The FCCPA provides that you shall consider among other relevant factors, in determining the defendant's liability for any additional statutory damages, the frequency and persistence of such noncompliance, and the extent to which such noncompliance was intentional

Fla. Stat. §559.77; *Harris v. Beneficial Finance Co. of Kacksonville*, 338 So. 2d 196 (Fla. 1976); *Laughlin v. Household Bank, Ltd*., 969 So. 2d 509 (Fla. 1st DCA 2007).

***Defendant objects to the inclusion of this instruction.***

PLAINTIFF'S PROPOSED JURY INSTRUCTION
NUMBER [23]
(Invasion of Privacy)

Plaintiff brings this action against Defendant, [in part] under the Florida common law prohibiting invasion of privacy.

*The Supreme Court of [Florida] has recognized the right of privacy as a tort in addition to a constitutional guarantee. Where the right to privacy is recognized, the oppressive treatment of a debtor in an attempt to collect a debt may constitute an invasion of privacy.*

*Florida's right to privacy embraces more privacy interests, and extends more protection to the individual in those interests, than does the Federal Constitution. The Florida Constitution explicitly grants Floridians the right of privacy. Under this right of privacy, each person has a right to determine for themselves when, how and to what extent information about them is communicated to others.*

**(Defendant objects to the inclusion of the preceding two paragraphs)**

To establish a claim for the intrusion upon seclusion theory of invasion of privacy, a debtor must prove three separate elements: (1) an intentional intrusion, physical or otherwise, (2) upon the plaintiff's solitude or seclusion or private affairs or concerns, (3) which would be highly offensive to a reasonable person. *The tort of intrusion upon seclusion is aimed at protecting the privacy surrounding the activities inside the home.*

*Intrusion upon seclusion consists of a collector's interference with a debtor's interest in solitude or seclusion. When telephone calls to a debtor become repeated with such persistence and frequency as to amount to a course of hounding the debtor privacy is invaded*

**(Defendant objects to the inclusion of the italicized language in the preceding two paragraphs)**

*The determination of whether Defendant's telephone calls to Plaintiff were sufficiently offensive to support Plaintiffs claim of invasion of privacy depends on whether the conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency.*

**(Plaintiff objects to the inclusion of the preceding paragraph as it is argumentative)**

Santiesteban v. Goodyear Tire & Rubber Co., 306 F. 2d 9 (5th Cir. 1962); *Cason v. Baskin*, 20 So. 2d 243 (Fla. 1944); *In Re T.W.*, 551 So. 2d 1186, 1192 (Fla. 1989); *Publix Supermarkets, Inc. v. Johnson*, 959 So. 2d 1274 (Fla. 4th DCA 2007); *Shaktman v. State*, 553 So. 2d 148 (Fla.

1989); *Hilburn v. Encore Receivable Mgmt., Inc*., 2007 WL 1200949 (D. Or. 2007); *Mauri v. Smith*, 929 P. 2d 307 (Or. 1996); *Cartwright v. Tacala, Inc*., 2000 WL 33287445, at *15 (M.D. Ala. Nov. 1, 2000), *citing Norris v. Moskin Stores, Inc*., 132 So. 2d 321 (Ala. 1961); *Diaz v. D.L. Recovery Corp*., 486 F. Supp. 2d 474 (E.D. Pa. 2007); Restatement (Second) of Torts § 652B (1977).  H. Thornburg, *Florida Privacy Law: Potential Application of Intentional Tort Principles and Florida's Constitutional Right of Privacy as Safeguards to Governmental and Private Dissemination of Private Information*, 4 FLA. COASTAL L.J. 137 (2003); Dee Pridgen & Richard M. Alderman, Consumer Credit And The Law § 13:4 (2007); ***Oppenheim v I.C. System, Inc. Case No. 8:09-cv-00497 (February 18, 2010).***

PLAINTIFF'S PROPOSED JURY INSTRUCTION
NUMBER [24]
(Duty To Deliberate)

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Any verdict you reach in the jury room must be unanimous.  In other words, to return a verdict you must all agree.  Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so.  Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury.  While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong.  But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges - - judges of the facts.  Your only interest is to seek the truth from the evidence in the case.

*Eleventh Circuit Pattern Jury Instructions – Civil (2005), §7.1*

PLAINTIFF'S PROPOSED JURY INSTRUCTION
NUMBER [25]
(Election Of Foreperson, Explanation Of Verdict Form(s))

When you go to the jury room you should first select one of your members to act as your foreperson.  The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.

You will take the verdict form to the jury room and when you have reached     unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention.  I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally.  I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.

*Eleventh Circuit Pattern Jury Instructions – Civil (2005), §8*

PLAINTIFF'S PROPOSED VERDICT SHEET
(Special Interrogatories To The Jury)

(Note:  Answer "Yes" or "No" to each question by checking the appropriate space.)

This litigation proceeds pursuant to the Fair Debt Collection Practices Act, the Florida Consumer Collection Practices Act, and under the Florida common law prohibiting invasion of privacy.

Plaintiff is a "consumer" and the obligation allegedly owed is a "debt."  Defendant is a "debt collector" within the meaning of the Fair Debt Collection Practices Act and the Florida Consumer Collection Practices Act.

In answering the following questions you are to view the alleged violations of the Fair Debt Collection Practices Act from the perspective of the least sophisticated consumer or debtor.

1.  Did Defendant, in connection with the collection of any debt, engage in conduct the natural consequence of which was to harass, oppress, or abuse Plaintiff?

YES ___                              NO ___

If your answer is "YES" you may award up to $1,000.00 as statutory damages.

Amount of statutory damages:  $ _____

2.  Did Defendant, in connection with the collection of any debt, use any false, deceptive, or misleading representation or means in connection with the collection of any debt?

YES ___                              NO ___

If your answer is "YES" you may award up to $1,000.00 as statutory damages.

Amount of statutory damages:  $ _____

3.   Did Defendant, in connection with the collection of any debt, fail to disclose Defendant's true corporate or business name in a telephone call?

YES ___                              NO ___

If your answer is "YES" you may award up to $1,000.00 as statutory damages.

Amount of statutory damages:  $ _____

4.   Did Defendant, in connection with the collection of any debt, fail to disclose the caller's individual identity in a telephone call?

YES ___                                    NO ___

If your answer is "YES" you may award up to $1,000.00 as statutory damages.

Amount of statutory damages:  $ _____

5.   Did Defendant, in connection with the collection of any debt, overshadow the disclosures required by 15 USC § 1692g during the thirty-day dispute period?

YES ___                                    NO ___

If your answer is "YES" you may award up to $1,000.00 as statutory damages.

Amount of statutory damages:  $ _____

(If you have answered "YES" to any of questions 1 through 6, proceed to question 7.  If you have answered "NO" each of questions 1 through 6, proceed to question 8.

6.   Did Plaintiff suffer actual damages, which may include personal humiliation, embarrassment, mental anguish, or emotional distress, e.g. loss of sleep or appetite, nervousness, crying spells, due to the Defendant's conduct?

YES ___              NO ___

If your answer is "YES," set forth the amount of actual damages:  $ _____

In answering the following questions you are consider the Florida Collection Practices Act.

7.   Did Defendant, in debt collection, use profane, obscene, vulgar or willfully abusive language?

YES ___                                    NO ___

If your answer is "YES" you may award up to $1,000.00 as statutory damages.

Amount of statutory damages:  $ _____

8.   Did Defendant, in debt collection, fail to provide meaningful identification in calls to the Plaintiff?

YES ___                                    NO ___

If your answer is "YES" you may award up to $1,000.00 as statutory damages.

Amount of statutory damages:  $ _____

(If you have answered "YES" to any of the previous questions, proceed to the question 9.  If you have answered "NO" all of the previous questions, please proceed to question 10.

9.    Did Plaintiff suffer actual damages, which may include personal humiliation, embarrassment, mental anguish, or emotional distress, e.g. loss of sleep or appetite, nervousness, crying spells, due to the Defendant's conduct?

YES ____                NO ____

If your answer is "YES," set forth the amount of actual damages:  $ _____

10.    Did Defendant violate the Florida common law prohibiting invasion of privacy?

YES ____                NO ____

If your answer is "YES," set forth the amount of damages so as to fully and fairly compensate Plaintiff for such an invasion:  $ _____

Dated:

                                       Foreperson

DEFENDANT'S PROPOSED VERDICT SHEET
(Special Interrogatories To The Jury)


**VERDICT FORM**

1. Is Plaintiff a "consumer" as defined by the FDCPA and FCCPA?

   _____YES      _____NO

   IF YOUR ANSWER TO QUESTION NUMBER 1 IS "NO", PLEASE HAVE THE FOREPERSON SIGN THE VERDICT FORM AND NOTIFY THE COURT THAT YOU HAVE REACHED A VERDICT.


2. Did I.C. SYSTEM engage in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff, in violation of 15 U.S.C. § 1692d?

   _____YES      _____NO


3. Did I.C. SYSTEM threaten to report a debt as delinquent to Plaintiff's credit report which Plaintiff does not owe in violation of 15 U.S.C. § 1692e(5)?

   _____YES      _____NO


4. Did I.C. SYSTEM fail to disclose Defendant's true corporate or business name in a telephone call in violation of 15 U.S.C. § 1692d(6)?

   _____YES      _____NO


5. Did I.C. SYSTEM fail to disclose the caller's individual identity in a telephone call in violation of 15 U.S.C. § 1692d(6)?

   _____YES      _____NO


6. Did I.C. SYSTEM overshadowed the disclosures required by 15 USC § 1692g(a) during the thirty-day dispute period, including presenting a false sense of urgency to Plaintiff during the thirty day dispute period, thereby overshadowing the notice that Plaintiff had 30 days in which to dispute the debt in violation of 15 U.S.C. § 1692g?

_____YES      _____NO

IF YOUR ANSWERS TO QUESTIONS NUMBER 2, 3, 4, 5, **AND** 6 ARE "NO", PLEASE PROCEED TO QUESTION NUMBER 8.

7.  IF YOUR ANSWER TO QUESTION NUMBER 2, 3, 4, 5, 6, **OR** 7, IS "YES", YOU MUST DECIDE IF THE VIOLATION(S) BY I.C. SYSTEM WAS/WERE UNINTENTIONAL AND THE RESULT OF A BONA FIDE ERROR NOTWITHSTANDING THE MAINTENANCE OF PROCEDURES REASONABLY ADAPTED TO AVOID ANY SUCH ERROR.

WAS/WERE THE ABOVE VIOLATIONS OF THE FDCPA BY I.C. SYSTEM UNINTENTIONAL AND THE RESULT OF A BONA FIDE ERROR NOTWITHSTANDING THE MAINTENANCE OF PROCEDURES REASONABLY ADAPTED TO AVOID ANY SUCH ERROR?

_____YES      _____NO

IF YOUR ANSWER TO QUESTION NUMBER 2, 3, 4, 5, OR 6 IS "YES" **AND** YOUR ANSWER TO NUMBER 7 IS "NO", YOU MAY AWARD THE PLAINTIFF ANY AMOUNT FROM $0 TO $1,000 AS STATUTORY DAMAGES AGAINST I.C. SYSTEM, INC., UNDER THE FDCPA IN THIS CASE.

TOTAL AMOUNT OF STATUTORY DAMAGES FOR FDCPA CLAIMS:

$_____

In answering the following questions you are consider the Florida Consumer Collection Practices Act.

8.  Did I.C. SYSTEM, INC., use profane, obscene, vulgar, or willfully abusive language in communicating with the Plaintiff, in violation of §559.72(8)?

_____YES      _____NO

9.  Did I.C. SYSTEM's employee refuse to provide adequate identification of herself or her employer or other entity whom she represented when requested to do so by a debtor, in violation of §559.72(15)?

_____YES      _____NO

IF YOUR ANSWERS TO QUESTIONS NUMBER 8 **AND** 9 ARE "NO", PLEASE PROCEED TO QUESTION 10.

IF YOUR ANSWER TO QUESTION NUMBER , 8 **OR** 9, IS "YES", YOU MUST DECIDE IF THE VIOLATION(S) BY I.C. SYSTEM WAS/WERE UNINTENTIONAL AND THE RESULT OF A BONA FIDE ERROR NOTWITHSTANDING THE MAINTENANCE OF PROCEDURES REASONABLY ADAPTED TO AVOID ANY SUCH ERROR.

10. WAS/WERE THE ABOVE VIOLATIONS OF THE FCCPA BY I.C. SYSTEM, INC., UNINTENTIONAL AND THE RESULT OF A BONA FIDE ERROR NOTWITHSTANDING THE MAINTENANCE OF PROCEDURES REASONABLY ADAPTED TO AVOID ANY SUCH ERROR?

_____YES      _____NO

IF YOUR ANSWER TO QUESTION NUMBER 8 OR 8 IS "YES" **AND** YOUR ANSWER TO NUMBER 10 IS "NO", YOU MAY AWARD THE PLAINTIFF ANY AMOUNT FROM $0 TO $1,000 AS STATUTORY DAMAGES AGAINST I.C. SYSTEM, INC., UNDER THE FCCPA IN THIS CASE.

TOTAL AMOUNT OF STATUTORY DAMAGES FOR FDCPA CLAIMS:

$_____

## **ACTUAL DAMAGES**

IF YOU HAVE DETERMINED THAT I.C. SYSTEM IS LIABLE YOU MUST DECIDE WHETHER THE PLAINTIFF SUFFERED ACTUAL DAMAGES, WHICH MAY INCLUDE PAIN, SUFFERING, PERSONAL HUMILIATION, EMBARRASSMENT, MENTAL ANGUISH, EMOTIONAL DISTRESS, ETC.

DID THE PLAINTIFF SUFFER ACTUAL DAMAGES AS A RESULT OF THE CONDUCT OF I.C. SYSTEM, INC.?

_____YES      _____NO

IF YOUR ANSWER IS "NO" PLEASE PROCEED TO QUESTION NUMBER 11.

IF YOUR ANSWER IS "YES", STATE THE TOTAL AMOUNT OF ACTUAL DAMAGES AWARDED TO PLAINTIFF:

$_____

11.    Did Defendant violate Florida common law prohibiting invasion of privacy?

YES ___                NO ___

If your answer is "YES," set forth the amount of damages so as to fully and fairly compensate Plaintiff for such an invasion:  $ _____


THE ABOVE ARE THE JURY'S UNANIMOUS VERDICT. SO SAY WE ALL THIS

_____ DAY OF MARCH, 2010.


FOREPERSON:_____