IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


DANIELLE CASEY,

      Plaintiff,

v.                                    CASE NO. 8:09-CV-210-T-24 TBM

I.C. SYSTEM, INC.,

      Defendant.

_____/


## JURY INSTRUCTIONS

Members of the Jury:

      I will now explain to you the rules of law that you must follow and apply in deciding this case.

      When I have finished you will go to the jury room and begin your discussions – what we call your deliberations.

In deciding the case you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for any of the acts and statements of its employees that are made within the scope of their duties as employees of the company.

In your deliberations you should consider only the evidence - - that is, the testimony of the witnesses and the exhibits I have admitted in the record - - but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Remember that anything the lawyers say is not evidence in the case. And, except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your decision concerning the facts. It is your own recollection and interpretation of the evidence that controls.

2

Now, in saying that you must <u>consider</u> all of the evidence, I do not mean that you must <u>accept</u> all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness' testimony differ from other testimony or other evidence?

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

In this case it is the responsibility of the Plaintiff to prove every essential part of the Plaintiff's claim by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Plaintiff's claim is more likely true than not true.

In deciding whether any fact has been proved by a preponderance of the evidence you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the Plaintiff's claim by a preponderance of the evidence, you should find for the Defendant as to that claim.

In this action, Plaintiff Danielle Casey alleges that Defendant I.C. System, Inc. violated the federal Fair Debt Collection Practices Act, the Florida Consumer Collection Practices Act, and the common law invasion of privacy.

Plaintiff brings this action against Defendant, in part, based on 15 U.S.C. § 1692, et seq., commonly known as the Fair Debt Collection Practices Act.

A "debt collector" includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which business is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or assert to be owed or due another.

"Debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, whether or not such obligation has been reduced to judgment.

A "consumer" is defined as any person obligated or allegedly obligated to pay any debt.

The Court directs you that Defendant is a debt collector within the meaning of the Fair Debt Collection Practices Act and that Defendant contacted Plaintiff in an attempt to collect a debt owed by Plaintiff's husband, Francesco Mele.

Plaintiff contends that Defendant violated the Fair Debt Collection Practices Act in the following ways:

(1)    Defendant engaged in conduct the natural consequence of which was to harass, oppress, or abuse Plaintiff, in violation of 15 U.S.C. § 1692d; and

(2)    Defendant threatened to report a debt as delinquent on Plaintiff's credit report that Plaintiff did not owe, in violation of 15 U.S.C. § 1692e(5); and

(3)    Defendant failed to disclose Defendant's true corporate or business name in a telephone call, in violation of 15 U.S.C. § 1692d.

Section 1692d of the Fair Debt Collection Practices Act states that a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

Section 1692e of the Fair Debt Collection Practices Act states that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.   Without limiting the general application of the foregoing, a debt collector's threat to take any action that cannot legally be taken or that is not intended to be taken violates § 1692e(5).

If Plaintiff proves, by a preponderance of the evidence, that Defendant violated the Fair Debt Collection Practices Act, then you must determine the amount of statutory damages that Plaintiff should be awarded.

You may award up to $1,000 in statutory damages for violating the Fair Debt Collection Practices Act. In determining the amount of statutory damages that Plaintiff should be awarded, if any, you must consider, among other relevant factors, the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional.

Plaintiff also asserts a claim against Defendant based on a violation of Florida's Consumer Collection Practices Act.

The definitions of a "debt collector," "debt," and "consumer" are the same under Florida's Consumer Collection Practices Act as previously set forth under the Fair Debt Collection Practices Act.

The Court directs you that Defendant is a debt collector within the meaning of the Florida's Consumer Collection Practices Act and that Defendant contacted Plaintiff in an attempt to collect a debt owed by Plaintiff's husband, Francesco Mele.

Plaintiff contends that Defendant violated Florida's Consumer Collection Practices Act in the following ways:

(1)    Defendant failed to provide meaningful identification in calls to Plaintiff, in violation of Florida Statute § 559.72(15); and

(2)    Defendant used profane, obscene, vulgar or willfully abusive language in attempting to collect a debt, in violation of Florida Statute § 559.72(8).

13

Section 559.72(15) of Florida's Consumer Collection Practices Act provides that in collecting consumer debts, no person shall refuse to adequately identify herself or himself or her or his employer or other entity whom she or he represents when requested to do so by a debtor from whom she or he is collecting or attempting to collect a consumer debt.

Section 559.72(8) of Florida's Consumer Collection Practices Act provides that in collecting consumer debts, no person shall use profane, obscene, vulgar, or willfully abusive language in communicating with the debtor or any member of her or his family.

If Plaintiff proves, by a preponderance of the evidence, that Defendant violated Florida's Consumer Collection Practices Act, then you must determine the amount of statutory damages that Plaintiff should be awarded.

You may award up to $1,000 in statutory damages for violating Florida's Consumer Collection Practices Act. In determining the amount of statutory damages that Plaintiff should be awarded, if any, you must consider the nature of Defendant's noncompliance with Florida's Consumer Collection Practices Act, the frequency and persistence of such noncompliance, and the extent to which such noncompliance was intentional.

Plaintiff also asserts a claim against Defendant under the Florida common law prohibiting invasion of privacy.

To establish her invasion of privacy claim, Plaintiff must prove each of the following three things:

(1)     an intentional intrusion, physical or otherwise,

(2)     upon Plaintiff's solitude or seclusion or private affairs or concerns,

(3)     which would be highly offensive to a reasonable person.

If Plaintiff proves her invasion of privacy claim by a preponderance of the evidence, then you must determine the amount of actual damages that Plaintiff should be awarded.

In determining the amount of actual damages that Plaintiff should be awarded, you must determine the amount of actual damages, if any, that Plaintiff sustained as a result of Defendant's invasion of Plaintiff's privacy. Actual damages include out-of-pocket expenses, as well as damages for personal humiliation, embarrassment, mental anguish and emotional distress.

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that Plaintiff should, or should not, prevail in this case. Any verdict you reach in the jury room must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges - - judges of the facts. Your only interest is to seek the truth from the evidence in the case.

In this case you have been permitted to take notes during the course of the trial, and most of you–perhaps all of you–have taken advantage of that opportunity and have made notes from time to time.

You will have your notes available to you during your deliberations, but you should make use of them only as an aid to your memory.  In other words, you should not give your notes any precedence over your independent recollection of the evidence or the lack of evidence; and neither should you be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony may have been.

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court. A form of verdict has been prepared for your convenience.

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.

21